|2LeBLANC, Judge.
Defendant, Tiger Timber Co., Inc. of B.R.,[1] appeals from a judgment awarding Mr. Shannon Miller, plaintiff, workers’ compensation benefits, penalties and attorney’s fees. The issue presented for review is whether defendant was Miller’s statutory employer. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
On May 10, 1994, Miller was employed by Billy Ogden Logging. On the day of the accident, Miller was working as a rampman cutting limbs off felled trees on a tract of land on King George Road, near French Settlement, Louisiana. While in the course and scope of his employment, Miller was injured when his left leg was cut by a chain saw. Miller was immediately taken to Medical Center of Baton Rouge. He was taken to surgery to determine the severity of the injury and to clean the wound. Four days later Miller had a second surgery to close the wound, and he was released from the hospital. Ogden Logging paid Miller some disability benefits and paid some of his medical bills. Miller returned to work for Ogden Logging in August 1994 but was not employed at the time of trial.
Miller filed suit against Ogden Logging and later amended his suit to add Mr. Enos Parker, Tiger Timber and Mr. Doug Card-well. Parker is president of Tiger Timber and owns a chip mill in the Port Hudson area. Cardwell was subsequently dismissed.
After trial, the Administrative Hearing Officer found Miller to be the statutory employee of Tiger Timber and awarded Miller temporary total disability benefits, in the amount of $160.00 per week, from the day of the accident until Miller resumed work in August, plus medical expenses. Defendant was found to be arbitrary and capricious in the handling of Miller’s claim and was assessed penalties totaling $3,000.00. In addition, Miller was awarded $2,000.00 for attorney’s fees.
I .«¡Tiger Timber appeals, assigning as error the finding by the hearing officer that Tiger Timber was Miller’s statutory employer. Alternatively, defendant challenges the assessment of penalties and attorney’s fees.
*318 LAW AND DISCUSSION
The purpose of the Louisiana Workers’ Compensation Act is to provide compensation for a worker injured while in the course and scope of his employment. Certain principal contractors, commonly referred to as statutory employers, are subject to liability for compensation claims of the employees of their independent contractors, pursuant to the provisions of La.R.S. 23:1061. The purpose of the statute is to prevent the avoidance of compensation responsibility by an employer who interposes an uninsured intermediary between himself and his employee. 13 W. Malone and H.A. Johnson, Louisiana Civil Law Treatise, Workers’ Compensation Law and Practice § 121 at 245 (3rd ed. 1994). If the employee seeks to recover workers’ compensation benefits he has the burden of showing the requirements of La.R.S. 23:1061 are met. 13 Malone and Johnson, supra, § 126 at 277.
A finding of statutory employment under workers’ compensation law is factual. 13 Malone and Johnson, supra, § 126 at 278; Lewis v. Exxon Corp., 441 So.2d 192, 196 (La.1983). A two-part test has been announced for the reversal of a factfinder’s determinations:
1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Stobart v. State Through DOTD, 617 So.2d 880, 882 (La.1993).
La.R.S. 23:1061 A provides, in pertinent part:
When any person, in this Section referred to as the “principal”, undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the “contractor”, for the execution by or under the contractor of the whole or any |4part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.... The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
For a principal to be found to be an . employee’s statutory employer, La.R.S. 23:1061 requires the principal to have undertaken to execute work which is part of the principal’s trade, business or occupation. An employee’s work has been held to be automatically within the trade, business, or occupation of the principal where there is a particular two-contraet relationship between the parties. Peterson v. BE & K Inc. of Alabama, 94-0005 p. 10 (La.App. 1st Cir. 3/3/95), 652 So.2d 617, 625, writs denied, 95-0818, 0831 (La. 5/12/95), 654 So.2d 350. The two-contraet theory requires: (1) that the defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; and (3) that, in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed. Id.
The hearing officer found “[ujnder the two contract theory, Tiger Timber is the contractor who entered into a contract with Cardwell to pay for wood by the cordage. Cardwell hired Ogden to perform a part of this work and Miller did the manual labor. The contract work of Ogden is automatically within Tiger Timber’s trade, business and occupation.” However, under the facts established at trial, this finding is clearly wrong.
The only witnesses at trial were Mr. Miller, Mr. Miller’s step-father, and Mr. Parker, president of Tiger Timber. Miller testified *319 he was employed by Ogden Logging to cut logs in preparation for transport to a chip mill. However, Miller testified he did not know the destination of the timber which was Rent on King George Road the day of his accident. Miller testified he never saw Parker at the King George Road site, and he was not told he was cutting timber for transport to Tiger Timber. Miller also testified that although he had heard Doug Cardwell’s name mentioned, he had never seen Cardwell at a logging site before.
Parker testified he was president of Tiger Timber and operates a chip mill. Parker’s mill chips pine timber into pulpwood. Parker testified that although he had known Billy Ogden, of Ogden Logging, for approximately fifteen years, he had no arrangement with Ogden Logging to transport the timber cut on King George Road to his chip mill. In the past he had, on occasion, hired Ogden to cut and haul timber to his mill, but at that time he had no such arrangement. In addition, Parker testified he had not contracted with Cardwell to cut the King George tract, that he did not know the land owner of the tract, nor had Parker been out to the tract. Parker, when questioned by the hearing officer, testified he purchased the King George Road timber from Cardwell, and by instruction from Cardwell, paid Ogden for the delivery services.
The plaintiff failed to establish at trial either that Parker entered into a contract for work with a third party, or that Parker entered into a subcontract for all or part of the work performed. Moreover, there was no evidence or testimony tending to prove Card-well contracted with Parker for work to be performed. The evidence only indicates Parker purchased wood from Cardwell which was delivered by Ogden to Parker’s chip mill for processing. The burden is on the plaintiff to prove Tiger Timber was his statutory employer. The record in the instant case does not establish a reasonable factual basis for the hearing officer’s finding. In addition, the record establishes the finding that Tiger Timber was Miller’s statutory employer is clearly wrong. Miller was an employee of Ogden Logging who delivered wood to Tiger Timber chip mill for processing. The evidence does not establish that Ogden was obligated to deliver wood to Parker, or that Parker was |6obligated to some other party for some work to be performed. Although plaintiff possibly could have offered evidence of an alleged two-contract relationship by testimony from Doug Cardwell and Billy Ogden, neither testified and the record does not indicate plaintiff subpoenaed either of these individuals.
CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is reversed and plaintiff’s action is dismissed, at plaintiffs cost.
REVERSED AND RENDERED.

. Plaintiff incorrectly designated this party as B.R. Tiger Timber Co., Inc.